IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON

**TIMOTHY WAYNE DODD,**

    **Movant,**

v.                                                                          **Case No. 2:05-cv-00634**
                                                             **Case No. 2:02-cr-00207**

**UNITED STATES OF AMERICA,**

    **Respondent.**

**PROPOSED FINDINGS AND RECOMMENDATION**

Pending is Movant's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 (docket sheet documents # 37 and 41[1]), which was filed on August 8, 2005. This matter was referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).

**FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

On September 18, 2002, Movant, Timothy Wayne Dodd (hereinafter "Defendant"), was indicted on one count of attempting to manufacture methamphetamine in violation of 21 U.S.C. § 846. On October 31, 2002, Defendant pled guilty (# 23), pursuant to a written plea agreement (# 24), to the charge contained in the

---

[1] On August 8, 2005, Movant filed unsigned copies of both his motion (# 37) and his memorandum in support thereof (# 38). Movant filed executed copies of the same motion (# 41) and memorandum (# 42) on August 18, 2005. The undersigned will treat the motion as having been filed on August 8, 2005.

indictment.

On January 15, 2003, Defendant was sentenced by the Honorable John T. Copenhaver, Jr., United States District Judge.  In calculating Defendant's sentence, Judge Copenhaver applied, over Defendant's objection, a two-level enhancement for the unlawful storage and disposal of hazardous waste, pursuant to USSG § 2D1.1(b)(5)(A), and also applied a two-level enhancement for possession of a firearm, pursuant to USSG § 2D1.1(b)(1).  Defendant did not object to the application of the firearm enhancement itself, but did object to the Probation Officer's characterization that Defendant purchased the firearm specifically to protect himself during the production of methamphetamine, rather than for general personal protection.  After hearing the testimony of one of the investigating officers, and the Defendant's girlfriend, who was the mother of a minor child purported to have been in the residence while Defendant was manufacturing methamphetamine, Judge Copenhaver declined to apply a six-level enhancement for creating a substantial risk of harm to the life of a minor, pursuant to USSG § 2D1.1(b)(5)(C).

Defendant's total offense level was determined to be 33 and his criminal history category was II, which resulted in a Guideline sentencing range of 151-188 months.  Judge Copenhaver sentenced Defendant to a term of imprisonment of 151 months, followed by a three-year term of supervised release.  A Judgment was entered on

January 29, 2003.  (# 30).

Defendant did not file a direct appeal to the United States Court of Appeals for the Fourth Circuit.  Thus, Defendant's judgment became final on or about February 8, 2003, when the time for filing a notice of appeal expired.  Defendant took no post-conviction action whatsoever until the filing of the instant section 2255 motion on August 8, 2005 - two and a half years after his judgment became final.

## **ANALYSIS**

Prior to 1996, a Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 was not subject to a specific time limitation with respect to filing of the motion.  However, in 1996, Congress enacted the Anti-Terrorism and Effective Death Penalty Act of 1996,(hereinafter the "AEDPA"), which established a one-year period of limitation governing the filing of motions for collateral relief under 28 U.S.C. § 2255.

The one-year period runs from the latest of one of four specified events:

> (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or Laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255. Defendant's conviction became final on or about February 8, 2003. Thus, the statute of limitations expired on February 8, 2004. Accordingly, the undersigned proposes that the presiding District Judge **FIND** that Defendant's section 2255 motion, which was filed on August 8, 2005, is untimely.

Defendant challenges his sentence based upon the Supreme Court's ruling in United States v. Booker, 125 S. Ct. 738 (2005). On January 12, 2005, the Supreme Court decided Booker, which reaffirmed the Court's holding in Apprendi v. New Jersey, 530 U.S. 466 (2000), applied the holding in Blakely v. Washington, 124 S. Ct. 2531 (2004) to the Sentencing Guidelines, and held: "Any fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." 125 S. Ct. at 756. The Booker holding applies "'to all cases on direct review or not yet final, with no exception for cases in which the new rule constitutes a "clear break" with the past.'" 125 S. Ct. at 769 (quoting Griffith v. Kentucky, 479 U.S. 314, 328 (1987)).

Because Defendant's case was final before Booker was decided, Booker does not apply, unless the Supreme Court rules that it is to be applied retroactively to cases on collateral review. Defendant asserts that this court should retroactively apply the Booker ruling to his case, and that the one-year statute of limitations

4

governing the filing of a section 2255 motion should run from the date of that decision.

Seven Circuit Courts of Appeals have ruled that Booker does not apply retroactively to cases on collateral review. In McReynolds v. United States, 397 F.3d 479, 480-81 (7th Cir.), cert. denied, 125 S. Ct. 2559 (2005), the Court held:

> Although the Supreme Court did not address the retroactivity question in *Booker*, its decision in *Schriro v. Summerlin*, ___ U.S. ___, 124 S. Ct. 2519, 159 L. Ed.2d 442 (2004), is all but conclusive on the point. *Summerlin* held that *Ring v. Arizona*, 536 U.S. 584, 122 S. Ct. 2428, 153 L. Ed.2d 556 (2002) -- which, like *Booker*, applied *Apprendi*'s principles to a particular subject -- is not retroactive on collateral review.
>
> *Ring* held, in reliance on *Apprendi*, that a defendant is entitled to a jury trial on all aggravating factors that may lead to the imposition of capital punishment. In *Summerlin* the Court concluded that *Ring* cannot be treated as a new substantive rule -- which is to say, a rule that "alters the range of conduct or the class of persons that the law punishes." ___ U.S. ___, 124 S. Ct. at 2523. It observed that "*Ring* altered the range of permissible methods for determining whether a defendant's conduct is punishable [in a particular way], requiring that a jury rather than a judge find the essential facts bearing on punishment. Rules that allocate decisionmaking authority in this fashion are prototypical procedural rules." *Ibid*. That is no less true of *Booker* -- or for that matter *Apprendi* itself. We held in *Curtis v. United States*, 294 F.3d 841, 843 (7th Cir. 2002), that *Apprendi* does not apply retroactively on collateral review, because it "is concerned with the identity of the decisionmaker, and the quantum of evidence required for a sentence, rather than with what primary conduct is unlawful." That, too, is equally true of *Booker*. No conduct that was forbidden before *Booker* is permitted today; no maximum available sentence has been reduced.
>
> The remedial portion of *Booker* drives the point home. The Court held that the federal Sentencing Guidelines remain in force as written, although 18 U.S.C.

5

§ 3553(b)(1), which makes their application mandatory, no longer governs. District judges must continue to follow their approach *as guidelines*, with appellate review to determine whether that task has been carried out reasonably. No primary conduct has been made lawful, and none of the many factors that affect sentences under the Sentencing Guidelines has been declared invalid. Consequently, *Booker*, like *Apprendi* and *Ring*, must be treated as a procedural decision for purposes of retroactivity analysis.

\* \* \* The Court held in *DeStefano v. Woods*, 392 U.S. 631, and reiterated in *Summerlin*, that the choice between judges and juries as factfinders does not make such a fundamental difference; to the contrary, the Court stated in *Summerlin*, it is not clear which is more accurate. ___ U.S. at ___, 124 S. Ct. at 2525. What is more, *Booker* does not in the end move any decision from judge to jury, or change the burden of persuasion. The remedial portion of *Booker* held that decisions about sentencing facts will continue to be made by judges, on the preponderance of the evidence, an approach that comports with the sixth amendment so long as the guideline system has some flexibility in application. As a practical matter, then, petitioners' sentences would be determined in the same way if they were sentenced today; the only change would be the degree of flexibility judges would enjoy in applying the guideline system. That is not a "watershed" change that fundamentally improves the accuracy of the criminal process. *See also Curtis*, 294 F.3d at 843-44.

We conclude, then, that *Booker* does not apply retroactively to criminal cases that became final before its release on January 12, 2005. That date, rather than June 24, 2004, on which *Blakely v. Washington*, ___ U.S. ___, 124 S. Ct. 2531, 159 L. Ed.2d 403 (2004, came down, is the appropriate dividing line.

In Green v. United States, 397 F.3d 101, 103 (2d Cir. 2005), the Second Circuit held that "neither Booker nor Blakely appl[ies] retroactively to [a] collateral challenge." In Varela v. United States, 400 F.3d 864, 868 (11th Cir.), cert. denied, 126 S. Ct. 312 (2005), the Eleventh Circuit held "that Booker's constitutional

6

rule falls squarely under the category of new rules of criminal procedure that do not apply retroactively to a § 2255 on collateral review." In Humphress v. United States, 398 F.3d 855, 863 (6th Cir.), cert. denied, 126 S. Ct. 199 (2005), the Sixth Circuit ruled that:

> We see no basis for concluding that the judicial factfinding addressed in *Booker* is either less accurate or creates a greater risk of punishing conduct the law does not reach than did the judicial factfinding addressed in *Ring*. The Supreme Court has never held that a new rule of criminal procedure falls within *Teague*'s second exception. *Beard [v. Banks]*, 124 S. Ct. [2504], 2513-14 [(2004)]. We hold that *Booker*'s rule does not either.

In United States v. Price, 400 F.3d 844, 848 (10th Cir. 2005), pet. for cert. filed, No. 04-10694, the Tenth Circuit held that Blakely was a new rule of criminal procedure that was not subject to retroactive application on collateral review. In Lloyd v. United States, 407 F.3d 608, 615-16 (3d Cir.), cert. denied, 126 S. Ct. 288 (2005), the Third Circuit held that "Booker announced a rule that is 'new' and 'procedural,' but not 'watershed;'" thus it does not apply retroactively to § 2255 motions filed in cases which were final as of January 12, 2005. In Schardt v. Payne, 414 F.3d 1025 (9th Cir. 2005), the Ninth Circuit held that Blakely did not announce a watershed rule of criminal procedure, and quoted approvingly from Price. In United States v. Cruz, 423 F.3d 1119, 1121 (9th Cir. 2005), the Ninth Circuit ruled that "Booker is not retroactive, and does not apply to cases on collateral review where

7

the conviction was final as of the date of Booker's publication."

Based on McReynolds, Green, Varela, Humphress, Price, Rucker, Lloyd, Schardt, and Cruz, the undersigned proposes that the presiding District Judge **FIND** that Defendant's conviction was final before Blakely and Booker were decided, and that neither Blakely nor Booker applies retroactively on collateral review. Accordingly, the undersigned proposes that the presiding District Judge **FIND** that Defendant is entitled to no relief on his challenge to the enhancements of his sentence under the Blakely and Booker decisions.

For the reasons stated herein, it is respectfully **RECOMMENDED** that the presiding District Judge **DISMISS** Defendant's section 2255 motion (## 37 and 41) as untimely.

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable John T. Copenhaver, Jr., United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rule 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2255 of Title 28, United States Code, and Rule 45(c) of the Federal Rules of Criminal Procedure, the parties shall have three days (mailing/service) and then ten days (filing of objections), from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the

portions of the Proposed Findings Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be served on opposing parties, Judge Copenhaver, and this Magistrate Judge.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to Movant, Timothy Wayne Dodd, and to counsel of record.

```
    November 2, 2005                        /s/ Mary E. Stanley
           Date                             Mary E. Stanley
                                            United States Magistrate Judge
```